## Coppola *v.* Schaum & Uhlinger, Inc., Appellant.

*Negligence—Master and servant—Safe place to work—Case for jury.*

Where, in a negligence case, it appears that the plaintiff was a molder's assistant, and that he was injured by a ladle containing molten metal carried by a fellow workman colliding with him, the case is for the jury, where the negligence charged, was the narrowness of an alleyway in which the men were working, and the proof was, that in the view of its narrowness, the alleyway was not a reasonably safe place in which the men were compelled to perform their duties.

Argued Jan. 16, 1919. Appeal, No. 90, Jan. T., 1919, by defendant, from judgment of C. P. No. 1, Philadelphia Co., March T., 1914, No. 4224, on verdict for plaintiff in case of Anthony Coppola v. Schaum & Uhlinger,

Inc.  Before BROWN, C. J., MOSCHZISKER, FRAZER, WAL-
LING and KEPHART, JJ.  Affirmed.

Trespass to recover damages for personal injuries.
Before SHOEMAKER, J.

Verdict and judgment for plaintiff for $4,500.  De-
fendant appealed.

*Error assigned* was in refusing to enter judgment for
defendant n. o. v.

*Henry Spalding,* of *Fell & Spalding,* for appellant,
cited: Miller v. Republic Chemical Co., 251 Pa. 593;
Baldwin v. Urner, 206 Pa. 459; Iams v. Hazel Atlas
Glass Co., 251 Pa. 439; Demby v. Atkins, 61 Pa. Su-
perior Ct. 538; McCarthy v. Shoneman, 198 Pa. 568;
Eddleman v. Penna. Co., 223 Pa. 318; Byers v. Yough-
iogheny Coal Co., 230 Pa. 10; Larsen v. Bailey, 249
Pa. 247.

*Henry J. Scott,* with him *Albert T. Hanby,* for ap-
pellee, cited: Chabot v. Pittsburgh Plate Glass Co., 259
Pa. 504; Solomon v. Cudahy Packing Co., 256 Pa. 19.

PER CURIAM, February 24, 1919:

On September 5, 1913, the day the injuries were sus-
tained for which this action was brought, the appellant
was a corporation engaged in the manufacture of ma-
chinery.  The appellee was employed by it as a helper
to one of its moulders, and, in the course of his employ-
ment, a ladle, containing molten metal, carried by a fel-
low workman, collided with him, causing its contents
to severely burn his foot.  The negligence charged is the
narrowness of the "alleyway" in which the men were
working, and there was testimony that, in view of its
narrowness, it was not a reasonably safe place in which
they were compelled to perform their duties.  This was
really the only issue in the case, and it was submitted to

the jury under the following correct instruction: "You have to find whether the defendant in this case was guilty of negligence in not providing a reasonably safe place for the plaintiff to work in. If you find that the defendant did provide such a place, as people in the same line of business provide, an ordinary passageway, or surroundings there, then your verdict ought to be for the defendant. If, however, you find that it did not, and also find that the plaintiff did not by his negligence contribute to the accident, then your verdict ought to be for the plaintiff. If the plaintiff in any degree contributed to the accident by his negligence, that would prevent him from recovering, notwithstanding the fact that you find the defendant was negligent." As the case was clearly for the jury, the single complaint of the appellant, that a verdict was not directed in its favor, is dismissed, and the judgment is affirmed.